**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5096**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALLEN JOSHUA BROWN, a/k/a Antonio Frank Brown, a/k/a Milk,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Sol Blatt, Jr., Senior District Judge. (2:07-cr-01117-SB-1)

Submitted: May 29, 2009                Decided: June 29, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Joshua Brown pled guilty to a two-count indictment charging him with: (1) possession with intent to distribute cocaine base, cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)-(D) (2006) (Count One); and (2) carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Two). He was sentenced to 85 months on Count One and a consecutive term of 60 months on Count Two, for a total sentence of 145 months. Brown's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious issues for appeal. In her brief, however, counsel questions (1) whether Brown's plea complied with Fed. R. Crim. P. 11, and (2) whether the district court erred in sentencing Brown. Brown has filed pro se supplemental claims. Finding no error, we affirm.

Because Brown did not move in the district court to withdraw his guilty plea, we review the propriety of the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Before accepting a guilty plea, the district court must ensure that the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and various other rights, so it is clear the defendant is knowingly and voluntarily entering his

2

plea. The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3); United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy, ensuring that Brown's plea was knowing and voluntary and that there was an independent factual basis for the plea.

We review a criminal sentence for reasonableness, using the abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 594-97 (2007). We conclude that Brown's sentence is both procedurally and substantively reasonable. The district court properly calculated Brown's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see also Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence). The court's sentence was based on its "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Having considered Brown's pro se claims, we find they entitle him to no relief. In accordance with Anders, we have also reviewed the record and have found no meritorious issues

for appeal. We therefore affirm Brown's conviction and sentence.

This court requires that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>